1  DELTA LAW GROUP
   A PROFESSIONAL LAW CORPORATION
2  JIM G. PRICE, ESQ., SBN 119324
   6569 BRENTWOOD BOULEVARD
3  P.O. BOX 1417
   BRENTWOOD, CA  94513
4  TELEPHONE:  925-516-4686
   FACSIMILE:  925-516-4058
5  EMAIL:  deltalawgroup@yahoo.com

6  Attorneys for Plaintiff
   DAMON WILSON
7

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  DAMON WILSON, an individual,    ) Case No.
                                    )
13              Plaintiff,          ) **VERIFIED COMPLAINT FOR DAMAGES**
                                    )
14  v.                              ) **JURY TRIAL DEMANDED**
                                    )
15  CITIBANK, N.A.,                 )
                                    )
16              Defendant.          )
                                    )
17                                  )
                                    )
18                                  )
                                    )
19  _____)

20                   I. __INTRODUCTION__

21     1.   Defendant made repeated telephone calls to Plaintiff's

22  cellular telephone, in connection with an attempt to collect a

23  debt, despite his request they cease, and without his consent.

24  Defendant placed numerous telephone calls on the same day.

25

2.    Defendant used automated dialing systems, and pre-recorded messages to telephone Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

3.    Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, depression, loss of concentration, amongst other injuries.

4.    It is the pattern and practice, and the business plan of Defendant to place repeated and continuous telephone calls to consumers in an abusive and intrusive manner, and fail to cease and desist communicating, and to contact consumers at inconvenient times, which conduct has the natural consequence to annoy, oppress, harass and abuse.

5.    This is an action for damages brought by a consumer to redress the Defendant's violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.  In 2000, the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. §

1692, et seq.) into the California FDCPA.  See Civil Code §1788.17.

6.   According to 15 U.S.C. § 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

## II.   JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

8.   Plaintiff DAMON WILSON (hereinafter "Plaintiff") is a natural person residing in Contra Costa County in the State of California.

9.   On information and belief, Defendant CITIBANK, N.A. is a foreign business corporation doing business in California (hereinafter "CITIBANK").  CITIBANK, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

10.  Defendant CITIBANK is a "debt collector" as defined by California Civil Code § 1788.2.

11.  Any reference hereinafter to "Defendant" or "CITIBANK" without further qualification, is meant by Plaintiff to refer to such Defendant named above.

### IV.  FACTUAL ALLEGATIONS

12.  At all times relevant, Plaintiff was an individual residing within the State of California.

13.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

14.  At all times relevant herein Plaintiff DAMON WILSON had two credit cards with Defendant CITIBANK:  Best Buy credit card account number 6035-3502-0787-0879 and Home Depot account number 6035-3205-1081-7743.

15.  On December 15, 2015, Plaintiff mailed letters to Defendant about each account and told Defendant he disputed the debt and not to call him.  Defendant disregarded Plaintiff's demand not to call and placed over a hundred calls to Plaintiff; calling multiple times a day.

### V.  FIRST CAUSE OF ACTION - ROSENTHAL FDCPA

16.  Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

17.  The foregoing acts and omissions by Defendant with respect to Plaintiff in its attempt to collect a consumer debt

1  from Plaintiff constitutes numerous and multiple unfair,

2  deceptive, misleading practices made unlawful pursuant to the

3  California Rosenthal Fair Debt Collection Practices Act,

4  including but not limited to Civil Code §§ 1788-1788.32,

5  including §§ 1788.11, 1788.11(d), and 1788.17.

6      18.   Plaintiff is entitled to recover statutory damages,

7  actual damages, reasonable attorney's fees and costs.

8

9

10  **VI.   SECOND CAUSE OF ACTION – INTRUSION UPON SECLUSION**

11      19.   Plaintiff repeats, re-alleges, and incorporates by

12  reference all of the paragraphs above as though fully stated

13  herein.

14      20.   The foregoing acts of Defendant as described herein

15  constitute an invasion of the Plaintiff's privacy and an

16  intrusion upon his right of seclusion.

17      21.   Plaintiff has a common law right to, and a reasonable

18  expectation of privacy, his home and place of employment, and in

19  regard to his private affairs.

20      22.   Defendant's abusive and improper collection practices

21  in the collection of this debt constituted a substantial

22  invasion upon Plaintiff's seclusion and privacy, and would be

23  highly offensive to a reasonable person.

24  ///

25

23.   Defendant intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

24.   As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

25.   Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VII.   THIRD CAUSE OF ACTION – TCPA

26.   Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

27.   At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

28.   At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

29.   The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C. § 153(50).

30.   The Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA U.S.C. § 153(28).

31.   At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

32.   At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(1).

33.   Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

34.   Defendant frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer and auto-dialer) and/or an artificial or prerecorded voice.

35.   Defendant violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

///

36. Defendant's violations were willful and knowing.

37. As a result of these violations of the TCPA, Defendant is liable to Plaintiff for statutory damages, including treble damages.

38. Defendant engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

39. Defendant's acts were willful, intentional and knowing.

40. Defendant acted with oppression, fraud, and/or malice, thereby entitled Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

41. Plaintiff is entitled to recover actual and punitive damages.

## . VIII.   FOURTH CAUSE OF ACTION - NEGLIGENCE

42. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated therein.

43. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

44. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a

1  defendant who should have foreseen that the conduct would cause
2  such distress.

3      45.   Defendant's conduct as described herein was wrongful
4  conduct in that the Defendant conducted its business in an
5  abusive, oppressive, and harassing manner.

6      46.   Defendant's actions and omissions as described herein
7  constitute negligence in that Defendant owed Plaintiff a duty of
8  reasonable care in the collection of the alleged debt, and use
9  of the telephone in an attempt to collect such debts, said
10 duties were breached, and said breach was the proximate cause of
11 damages suffered by Plaintiff.
12

13     47.   Defendant owed a duty to refrain from outrageous and
14 unlawful calls in connection with its attempts to collect a
15 debt.

16     48.   Defendant's actions and omissions demonstrate a
17 conscious disregard of the rights or safety of others, and
18 constitute despicable conduct that subjected Plaintiff to cruel
19 and unjust hardship in conscious disregards of his rights.
20
       49.   Plaintiff suffered damages due to Defendant's actions
21 in an amount to be determined at trial.
22
       50.   Plaintiff is entitled to punitive damages for the
23 actions and omissions of the Defendant as described herein.
24
   ///
25

## IX.   FIFTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

51.   Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

52.   Defendant negligently trained and supervised its employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

53.   As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

54.   Defendant acted with oppression, and/or malice, thereby entitled Plaintiff to punitive damages in an amount to be determined at trial.   Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Statutory and actual damages pursuant to California Civil Code § 1788 et seq.;

B.   Costs and reasonable attorney's fees pursuant to Civil Code § 1788 et seq.;

C.   Actual and punitive damages;

D.   Award statutory damages in the amount of $500.00 for each violation of the TCPA against

1   Defendant, and/or treble damages for each willful

2   or knowing violation of the TCPA pursuant to

3   47 U.S.C. §227(b)(3)(B).

4       E.   For such other and further relief as may be

5   just and proper.

6   DATED:  April 29, 2016      Respectfully submitted,

7                  DELTA LAW GROUP

8

9

10                 BY: _____
                      JIM G. PRICE
                      Attorneys for Plaintiff

11                    DAMON WILSON

12

13  **DEMAND FOR JURY TRIAL**

14       Please take notice that Plaintiff demands trial by jury in

15  this action.

16  DATED:  April 29, 2016      DELTA LAW GROUP

17

18

19                 BY: _____
                      JIM G. PRICE
                      Attorneys for Plaintiff

20                    DAMON WILSON

21

22

23

24

25

VERIFIED COMPLAINT FOR DAMAGES                Page 11

1

## VERIFICATION

2

3      I, DAMON WILSON, declare:

4      I am the Plaintiff in this action.  I have read the foregoing

5 document entitled:    **VERIFIED COMPLAINT FOR DAMAGES** and know the

6 contents thereof.  The same is true of my own knowledge, except as

7 to those matters stated therein on information and belief, and as

8 to those matters I believe them to be true.

9
       I declare under penalty of perjury under the laws of the
10
State of California that the foregoing is true and correct.
11
       Executed on this _8th_ day of April, 2016, at Brentwood,
12
California.
13

14

15                                  _____
                                    DAMON WILSON
16

17

18

19

20

21

22

23

24

25